Judge Beeser and I are pleased to welcome the Honorable Richard D. Cudahy, Senior Judge for the United States Court of Appeals for the Seventh Circuit, who has consented to sit with our court by designation today. United States v. Cinca Ibarra is submitted. United States v. Mancha. Counsel? Good morning. My name is Steve Rawls and I represent the appellant in this case, De Niro Mancha. Factually, this case is relatively simple. It involves a single person coming to the port of entry who was in possession of a vehicle that contained a sizable amount of cocaine. On the speedy trial issue, is there anything critical here besides December 8, 2000, and March 1, 2001? December 8, 2000. Is that the time that really is going to control? Right. December 8 is when the motion for competency was filed. And what was the other date, Judge? March of 2001. March of 2001 is when the second motion for competency was also filed. The first motion for competency was granted. That was the time period in which the United States Marshals lost. That's when they lost her. They couldn't find her. She was in jail? Yes. If you knock that period out, does that mean she gets a speedy trial dismissal? I believe so, yes. Because we're talking about 630 days here in which she was I think the critical thing we're talking about is that period of roughly 120 days, isn't it? Yes. And what was the judge's justification under 3161H8? I'm sorry? What was the basis for exclusion under 3161H for that 120 days or so? The 121 days was basically predicated on the mental health competency examination, which the court properly ruled on that, saying that that was excludable time. But during the interim is when Ms. Monsha was lost in the process. So the argument is basically they could have done a mental health exam a whole lot sooner if they could have found her. Well, they did do it a whole lot sooner. As a matter of fact, when they did find her in late March, it was I believe May 26th when the mental health examination report was submitted to the court. So we're talking about approximately a span of 50 some odd days from start to finish. Thank you, counsel. Go ahead. Thank you. As I will state, in this case it was a relatively simple case. The investigation itself lasted approximately one hour. The trial, including jury selection, amounted no more than three days from start to finish. And as I stated, the defendant was held in custody for approximately 630 days. The problem with this case is that there are a lot of failings in this case. It seems like the whole system broke down in this. We have a defense attorney who withdrew from this case after having this client for approximately 17 months. He withdrew sua sponte, without a written motion, at the time of the change of plea hearing because the defendant did not want to take the plea. It was followed up by another defense attorney who, even after she was completely aware of the letters that were sent to the district court judge concerning her desire to have a speedy trial and her being lost as to what was taking place, she also allowed the matter. She continued the matter once and allowed the matter to be continued twice. How long before the trial did she send these letters? The first letter was sent. The first letter she sent was made part of the record on January 7th, 2002. The second letter that was sent was filed in the record on February 27th, 2002. No motion was ever filed under the Speedy Trial Act, right? Under the Speedy Trial Act, that is correct, Your Honor. And the act itself provides that the defendant must move for a speedy trial, right? That is absolutely correct. So statutorily, I can't jam these facts into that statute to give you relief. Yes, you can. Because she moved? No, because of the ---- She didn't move. And that's a condition of the application of the statute. I agree with you in that respect. Where I disagree is that under the ineffective assistance clause, we can move for that if ---- In this circuit, you can raise that certainly by collateral proceedings, at which time some others are going to be free to testify as to what went on precisely and accurately, and you could possibly get collateral relief. I don't know. It may be an ineffective assistance of counsel claim. But to develop that, you're going to have to take some testimony from counsel. Well, I believe that if the record is sufficiently developed before this Court, then this Court can consider it and also make a determination whether or not the legal representation in this case was so devoid that there was an absence of a Sixth Amendment right to counsel. I don't know that until I know what conversation occurred between counsel and client. Well ---- I'm not going to know that because she doesn't have to testify in this case. That's correct. But there are certain facts that this Court can consider that have been developed. I can consider the fact that it was a long time that she was in jail. I can consider the fact that she wrote to the Court and she wanted to have a hearing. I think I can apply the constitutional standard on speedy trial, but I can't apply the statutory standard. Okay. That's where I'm coming from.  I understand. I'm not speaking for the other two judges. I'm just speaking for myself. She never did make a motion to dismiss. She never did, Judge. Right? No. You're charging counsel with ineffectiveness in some instances because he asked for too much time, I gather. That is correct, because at one point he ---- Is there a precedent for that? Well, the ---- not as to the asking for too much time, because he asked for 90 days at least one time with respect to the plea negotiations. He wanted 90 days and 30 days in addition to that to discuss the plea with the defendant. But probably what is most offensive here is the fact that two weeks prior to trial, after 17 months of custody, he withdrew from the case because the defendant did not want to plead guilty. And I think that in and of itself is ineffective because an attorney does not or should not join the ranks of the prosecution when a defendant wants to assert the rights to go to trial. I agree that, you know ---- I've seen cases where a lawyer was honor bound to withdraw, where the client authorized the lawyer to say that the client would agree to something, the lawyer negotiated it in good faith, purporting to have authority and having actual authority, and then the client reneged and the lawyer feels justly that he cannot work with opposing counsel anymore or with the client. You see that in civil and criminal cases. I know that. And relying ---- because I was not part of the trial aspect of it, but relying on what the government states in its brief, at the two times that the appellant met with the government on what is known as a free talk, she maintained her position that she was not guilty of the crime. In light of that, I don't know how counsel could have argued or could have negotiated a plea agreement in good faith. I can imagine so many possibilities, it's just hard to start like a deal to plead to a lesser charge that she's guilty of. Different charge by information. But go ahead, unless you wish to reserve some time. Judge, let me reserve a little bit of time. I've got a minute and five seconds left, if I may, thank you. May it please the Court. Good morning. I'm Sandra Marie Hansen, Assistant United States Attorney from the District of Arizona, appearing this morning on behalf of the government. Appellant Dayanira Mancha raises for the first time in appeal an assertion of her speedy trial right. And as this Court has noted this morning, there were no motions to dismiss for speedy trial, thus she is barred statutorily for relief. And the only issue that we could consider then would be the constitutional claim. The defendant didn't raise that at trial, thus leaving this Court in a position where it doesn't have a record from the trial court upon which to do that. So the standard would be reviewing the matter for plain error. Counsel, if you look at it from a constitutional Sixth Amendment right, how many days was this trial delayed that the government accepts responsibility for? You never really come out in your brief and own up to it. Now, is the time that the marshals dilly-dallied around chargeable to the government? I think that this case would be unlike the situation involving an interstate agreement on detainer where the government completely delegated its authority to the marshal. Certainly, the United States marshal is a part of the government. But the Justice Department is a matter of fact. Yes. And what I would suggest is that the time that should be held against the government should be the matter of the roughly 40 days from the time of April the 19th, which is when the status conference had been set by the trial court, and the time that the motion was served. So out of the 200 or 300-some days, how many total days was it? A total, Your Honor? You're only accepting responsibility for 40, approximately 2 years. Yes, Your Honor. I don't get it. She was lost in, but she wasn't fugitive. She was in jail. She was within the custody of the United States. She was, indeed. The motion had been brought by defense counsel to have the competence determined and the And the only reason that there was that lengthy delay of 4 months, 121 days I think it was, was not that a competency test was taking place, but that she wasn't being produced for the competency test because they couldn't find her. Yes. And unfortunately, it appears from the record that there had been a filing error, a clerical error within the United States marshal. Was that the responsibility of the government then? It wasn't the defendant that made the filing error, was it? No. It clearly was not. And it wasn't the district court that made the filing error, was it? No, sir. Who else? Who's left? Well, I guess that leaves the United States government. And in this case, though, the defense counsel, and there had been an allegation in the brief that the defense counsel was somehow remiss in his duties for not finding the client. And it was due to the efforts of defense counsel that we were able to learn that Ms. Monsza had not been transported. But it was only after the defense counsel initiated an investigation to try and find his client. Yes. And he knew that supposedly the client was off for the investigation and the marshals were promptly attending to the business and the doctors were doing the investigation that she'd be back soon and can't find his client. So he sends an investigator out to find her. Yes. And does. But it seems to me that coming here and saying that you accept responsibility for 40 days is a stretch. If you're stuck with responsibility for 120 days, that would mean that you'd lose under the Speedy Trial Act, but for the issue of the defense not making a motion to dismiss under the Speedy Trial Act. Is that correct? Yes, Your Honor. That's the government's position. And the. Now, is it sufficient? If you add the 40 days and the 120 days, is that a Sixth Amendment violation? I don't believe that it is, Your Honor. I think that under the standard. What's the best case law you'd have for that? Well, I think that when we apply the Barker v. Wingo standard, there are cases. For example, in that case, there was a delay of almost five years. We have absolutely no bad faith in this case. So the issue of the transportation at most, I submit, is negligence, and there were no cases that I was able to find. What efforts did the government make to find the defendant in this period? The United States Attorney's Office was unaware that the defendant had not been transported because, like defense counsel, we were relying on the United States Marshal to transport the defendant to the facility. And we first became aware of it when defense counsel brought it to our attention. So we had not made any efforts to locate her before then, and the record does not reflect that other than having the hearing before Judge, the trial court, that we did anything else. Well, how long has she been lost before you heard that she was lost from the defense counsel? I'm not sure that I would characterize that as lost. It's my understanding that what happened was that the minute entry – You couldn't find her, I guess. It means she's lost. How long has she been in the state of not being able to be found before you learned about this situation? It was my understanding, Your Honor, that the paperwork had been cut to transport her, but that she had not been transported. So to the best of my information, the defendant was still within – I believe she was. The computer said she'd been transported, but she hadn't actually been transported. Is that correct? That is correct. Is it correct – well, let me see how to phrase this. Generally, Ninth Circuit law is if you don't make a motion to – if the defense doesn't make a motion to dismiss, the speedy trial violation is waived. So the statute is out of the picture. You just look at the Constitution. However, the defense has cited some authority that says that even though the Ninth Circuit law is generally you don't look at an ineffective assistance claim on direct appeal, you wait for the habeas, there's an exception in speedy trial act cases. And in speedy trial act cases, if there was a plain speedy trial act violation and there was no motion to dismiss, instead of granting relief for violation of the speedy trial act, you grant relief for ineffective assistance on the direct appeal. Is that correct? I believe that's a misstatement of the law. I believe that – Okay, educate me. I believe that what should have happened is the defendant could have filed a motion at the trial court claiming ineffective assistance of counsel so that a record could have been fully made. And as questions from the bench have indicated this morning – Well, wait a minute. You're saying that you can't take advantage of that avenue of relief unless the lawyer who is ineffective for failing to move to dismiss under the speedy trial act instead moves to dismiss in the trial court because of his own ineffectiveness in failing to move to dismiss under the speedy trial act? No. That doesn't seem very likely. No. I'm suggesting that this counsel could file a petition in habeas corpus for collateral relief. I thought what he was saying was we had Ninth Circuit authority that says he doesn't have to do that, that instead on the direct appeal we grant relief where there was a plain speedy trial act violation under the ineffective assistance rubric. I just need you to help me on these authorities because I haven't had time to read all those cases. And I haven't found anything that would directly support that. What about the authorities that the defendant cited in the gray brief? Do they stand for it? I'm sorry, Your Honor. In the – The authorities that the defense cited in the gray brief, do they stand for what they're cited for? I'm sure you read the gray brief. Yes, Your Honor. And I believe that those cases are distinguishable from this case. Certainly in Sears Roebuck, the defendant there was a corporation. And in this case, we have a defendant who was in custody. Nonetheless, I don't believe that this record would support in an effective assistance of counsel claim when defense counsel spent time to investigate the facts surrounding the defendant's arrest, when we have continuances sought by the defense on behalf of the defense to explore non-trial dispositions. And then the only continuance that was sought by the defense, excuse me, by the government in this case was the two weeks due to a calendaring conflict from the prosecutor who was to try the case. The Sixth Amendment claim was not raised in the trial court during any of the proceedings from start to finish, right? That is correct, Your Honor. And in this case, because the issues that are raised in this case were not properly raised at the trial court. Let me make sure that I'm making myself clear. There was this sentence, and I didn't have time to read the cases cited, on page two of the gray brief. It says, BD Trial Act violations may be reviewed on direct appeal in two instances. One, when the record is sufficiently developed to permit review and determination under U.S. v. Anderson. And two, when the legal representation is so inadequate that it obviously denies Sixth Amendment right to counsel. The United States be rewalled. And I want to know if those two citations are good for the proposition that we can or should or even can dismiss the case under 3161, even though there was no motion to dismiss below. Yes. I think, however, that this record is not sufficiently developed, as in the cases cited by the defense. Thank you. In this case, there was no prejudice to the defendant, because the defendant had not raised the question of speedy trial or the assertion of a speedy trial act violation prior to trial. The Court should now use only, should you grant, should you choose to grant review and consider the matter, using the plain error standard, the defendant has not met its burden. And as such, the conviction should be affirmed. Thank you, Counsel. I have nothing further unless the Court has a question of me. Those two cases were either of them 3161 cases?  I believe they were both were. Thank you, Counsel. Thank you. United States v. Mantra is submitted. We'll hear United States v. Matthew.
judges: Cudahy, Beezer, Kleinfeld